826 P.2d 1311

**Mack W. RICHARDSON, Jr., Director, Department of Law Enforcement of the State of Idaho, Plaintiff–Respondent,**

**v.**

**ONE 1972 GMC PICKUP; $2,000 United States Currency; 1—357 Smith & Wesson Handgun; 1—Remington Model 870 Sawed Off Shotgun, Defendants–Appellants,**

**and**

**James Peterson, Real Party in Interest–Appellant.**

**No. 18924.**

Supreme Court of Idaho, Boise, October 1991 Term.

Feb. 28, 1992.

Everett D. Hofmeister, Coeur d'Alene, for defendants-appellants.

Larry J. EchoHawk, Idaho Atty. Gen., W. Corey Cartwright, Deputy Atty. Gen., (argued), Boise, for plaintiff-respondent.

BOYLE, Justice.

This is an action brought by the Department of Law Enforcement pursuant to the forfeiture provisions of the Idaho Uniform Controlled Substances Act, particularly I.C. § 37-2744. On May 17, 1991, James Peterson was stopped by a city of Sandpoint police officer after Peterson's vehicle was observed crossing the center line. After a field sobriety test, Peterson was arrested for driving under the influence. In a search of Peterson's vehicle pursuant to his custodial arrest, a fully-loaded revolver was found in a seat cover pocket, three bindles of cocaine were discovered in a cardboard box in the glove compartment, and two vials of cocaine were found in his overnight bag. Also located in the pickup was a fully loaded sawed-off shotgun. When Peterson was searched at the jail, a vial containing cocaine and a coke spoon were found in his possession. In addition, $2,100.00 in denominations of $100 bills and $50 bills that was separate from other money in his possession was contained in his wallet. Peterson was initially charged with possession of cocaine with intent to deliver. He later plead guilty and was sentenced on an amended charge of possession of cocaine.

Pursuant to the forfeiture provisions of I.C. § 37-2744, the Department of Law Enforcement brought the instant in rem action against the pickup truck, the $2,100.00 cash, the revolver and the sawed-off shotgun. Peterson was served with notice of the Department of Law Enforcement's action and hearing, and through his attorney challenged the forfeiture proceedings.

Sitting without a jury, the magistrate court heard the forfeiture action and issued a memorandum decision wherein it was ordered that all items were forfeited pursuant to I.C. § 37-2744.

## I.

As an initial matter, we note the Department of Law Enforcement brought this action expressly and exclusively under I.C. § 37-2744. A review of the record, particularly the complaint filed herein, makes it clear that this action was brought expressly pursuant to the provisions of I.C. § 37-2744. The complaint states in paragraph III that the motor vehicle was seized pursuant to I.C. § 37-2744(a)(4); paragraph IV alleges that the magistrate court had jurisdiction pursuant to I.C. § 37-2744, and the prayer seeks forfeiture pursuant to I.C. § 37-2744.

## II.

A forfeiture proceeding pursuant to I.C. § 37-2744 is a civil action prosecuted against the seized property. Generally, the responding claimant challenging the forfeiture action is the owner of the seized property. With the exception of special procedural rules directing the manner in which notice is given and the appropriate manner for a claimant to respond, the Idaho Rules of Civil Procedure apply to forfeiture proceedings. I.C. § 37-2744 provides in pertinent part:

37-2744. **Forfeitures.**—(a) The following are subject to forfeiture:

. . . .

(2) All raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substances or counterfeit substances in violation of this act;

....

(4) All conveyances, including aircraft, *vehicles*, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment, for the purpose of distribution or receipt of property described in paragraph (1) or (2) hereof....

....

(6) All *money* or *currency* which shall be found in close proximity to contraband controlled substances or other property described in paragraphs (2) and (3) hereof or which otherwise has been used or intended for use in possession of controlled substances or other property described in paragraphs (2) or (3) hereof.

....

(d) Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the director subject only to the orders and decrees of the district court, or magistrate's division thereof, having jurisdiction over the forfeiture proceedings. *Forfeiture proceedings shall be civil actions against the property subject to forfeiture and the standard of proof shall be preponderance of the evidence.* (Emphasis added.)

I.C. § 37–2744(d) specifically provides that a preponderance of the evidence standard be applied in forfeiture proceedings.

### III.

■ The appellate standard of review when dealing with cases heard by a magistrate court sitting as a trier of fact is a substantial evidence standard. Where there is substantial and competent, though conflicting evidence to support a trial court's findings, those findings will not be overturned on appeal. *Bradshaw v. State*, 120 Idaho 429, 816 P.2d 986 (1991); *Barber*

*v. Honorof*, 116 Idaho 767, 780 P.2d 89 (1989); *State v. Tierney*, 109 Idaho 474, 708 P.2d 879 (1985); *MacNiel v. Minidoka Memorial Hosp.*, 108 Idaho 588, 701 P.2d 208 (1985).

### IV.

■ We first address the magistrate court's order forfeiting the pickup truck and the $2,100.00 cash. As a preliminary matter, the forfeiture proceeding is a civil in rem action against the seized property which is named as the party defendant. As a result, the focus in these proceedings is not whether sufficient evidence exists to convict the claimant of the underlying crime, in this instant case possession with intent to deliver, rather, the appropriate focus under the seizure provisions of I.C. § 37–2744(d) is whether a preponderance of the evidence demonstrates the defendant property was used in violation of the Act.

In order for the vehicle to be forfeited pursuant to I.C. § 37–2744(a)(4), the Department of Law Enforcement must prove by a preponderance of the evidence that the pickup truck was "used or intended to be used to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment, for the purposes of distribution or receipt" of a controlled substance. In order for $2,100.00 cash to be forfeited, the provisions of the Act require that the Department of Law Enforcement prove the money was "found in close proximity to contraband controlled substances ... or which otherwise has been used or intended for use in connection with the illegal ... distribution, dispensing or possession of controlled substances." I.C. § 37–2744(a)(6).

In its memorandum decision, the magistrate court made findings of fact and conclusions of law. After specifically mentioning the preponderance of evidence standard, the magistrate court concluded Peterson was a cocaine dealer and that the pickup truck was used to transport and conceal the cocaine for the intended purpose of distribution or receipt as contemplated by the Act. The magistrate court also deter-

mined that the $2,100.00 cash was found in close proximity to cocaine and concluded that it constituted drug proceeds as contemplated by the Act. The magistrate specifically found Peterson's testimony suspect and rejected his assertions that all of the cocaine found in his possession was intended for his personal use, and that the $2,100.00 cash constituted proceeds from the sale of a car and was money with which he intended to start a new business.

We have reviewed the record before us and hold there is substantial and competent, though conflicting, evidence to support the magistrate's findings of fact. At the time of Peterson's arrest, the record before us indicates that three bindles of cocaine each weighing one-eighth of an ounce were found in the glove compartment of his pickup truck. In addition, the record demonstrates that two vials of cocaine were located in an overnight bag located in the cab of the pickup and when Peterson was searched at the jail a second vial containing cocaine was found in his possession. In Peterson's wallet was found $2,100.00 in denominations of $100 bills and $50 bills that was kept separate from other funds in his possession. At the time of his arrest, the record demonstrates that Peterson was unemployed yet had a bank account and had $2,100.00 cash on his person. The record also clearly demonstrates that the fully-loaded .357 magnum revolver and a sawed-off shotgun fully loaded and armed with double 00 buck shot were found in Peterson's pickup truck.

The record contains the testimony of a police officer with advanced training in drug enforcement who expressed an opinion that Peterson was a drug dealer. The officer testified the one-eighth ounce bindles of cocaine were packaged for sale in a quantity known on the street as an "eight-ball" and gave testimony regarding the sawed-off shotgun's defensive purposes and the irregularity of handling and transporting fully loaded weapons. The record also contains testimony and evidence rebutting Peterson's assertion that all the cocaine was for his own personal use because of the quantity of cocaine found and the manner in which it was packaged. Peter-

son's credibility was also questioned by the magistrate on other issues including the source of the $2,100.00 and the value of his pickup truck.

We hold there was sufficient substantial and competent evidence to support the magistrate court's findings and order forfeiting the cash and the pickup truck. Accordingly, the magistrate court's order as to these two items of property will not be disturbed on appeal.

## V.

With respect to the two firearms we are presented with a different legal issue. The record in this case indicates the magistrate court's order forfeited the firearms exclusively pursuant to I.C. § 37–2744. The Department apparently assumed, and the record indicates it argued, that the confiscated weapons are contemplated to be within the definition of "equipment of any kind ... used or intended for use ... in the delivering of any controlled substances ... in violation of this act." I.C. § 37–2744. We disagree.

While the words "equipment of any kind" as defined in the forfeiture statute were arguably intended to incorporate a wide variety of items, we are unable to include firearms in this definition because of a specific statutory provision that directly provides for the confiscation and forfeiture of firearms. I.C. § 19–3807 is the statutory vehicle which provides for the confiscation and forfeiture of firearms upon the conviction of a felony if the firearms were in the possession or control of the defendant at the time of the defendant's arrest. Applying general rules of statutory construction, we note that a specific statute will control over a more general statute. *Walker v. Shoshone County*, 112 Idaho 991, 739 P.2d 290 (1987); *State v. Wilson*, 107 Idaho 506, 690 P.2d 1338 (1984). This is especially so when the more general statute is vague or ambiguous. *See Mickelsen v. City of Rexburg*, 101 Idaho 305, 612 P.2d 542 (1980); *Packard v. Joint School Dist. No. 171*, 104 Idaho 604, 661 P.2d 770 (Ct.App.1983). Although the magistrate noted that I.C. § 19–3807 provides a statutory vehicle for seizure, confiscation and forfeiture of firearms that

would apply in this case, the court's actual order was expressly based upon I.C. § 37–2744. Accordingly, the issue of forfeiture pursuant to I.C. § 19–3807 is not properly before this Court. Therefore, we reverse that portion of the magistrate court's order forfeiting the two firearms. Because we reverse the trial court's order forfeiting the firearms, we need not address Peterson's contention that the forfeiture violates the right to bear arms provisions of art. 1 § 11 of the Idaho Constitution and we leave resolution of the constitutional issues to another day when the issue is properly before us.

Peterson raises other issues on appeal which we deem to be without merit.

That portion of the magistrate court's order and judgment ordering forfeiture of the $2,100.00 cash and the pickup truck is affirmed. The order forfeiting the firearms is reversed and remanded for further proceedings consistent with this opinion.

Each party to bear its own costs. No fees awarded.

JOHNSON and McDEVITT, JJ., concur.

BAKES, Chief Justice.

I concur in Parts I through IV of the majority's opinion. However, I believe the record supports the trial court's holding that the weapons seized from the defendant's truck "were equipment used by Mr. Peterson to protect his unlawful enterprise." In any event, this is a civil proceeding, as the majority opinion correctly points out, and I.R.C.P. 54(c) authorizes the trial court to "grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." I.C. § 19–3807 would authorize the seizure of the shotgun, and therefore we should affirm on that basis. *Nab v. Hills*, 92 Idaho 877, 452 P.2d 981 (1960); *Collins v. Parkinson*, 96 Idaho 294, 527 P.2d 1252 (1974).

ROWETT, District Judge Pro Tem., concurs.