# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34887

JERRY LOSEE and JOCAROL LOSEE, )
husband and wife, and as members and )
employees of SKY ENTERPRISES, LLC, an )
Idaho limited liability company, )
    )
       Plaintiffs-Respondents, )
    )
v. )
    )
THE IDAHO COMPANY, an Idaho )
corporation, SKY ENTERPRISES, LLC, an )
Idaho limited liability company, and )
WILLIAM F. RIGBY, individually, )
    )
       Defendants-Appellants. )
_____ )

St. Anthony, September 2009 Term

2009 Opinion No. 129

Filed: October 20, 2009

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

The district court's order is vacated and the case is remanded.

E.W. Pike & Associates, P.A., Idaho Falls, for appellants. James C. Herndon argued.

Nick L. Nielson and Craig R. Jorgensen, Pocatello, for respondents. Craig R. Jorgensen argued.

_____

J. JONES, Justice.

This is an appeal from a grant of partial summary judgment in favor of Jerry and JoCarol Losee declaring a promissory note and deed of trust null and void. We vacate and remand.

## I.

In September 2003, Jerry and JoCarol Losee entered into an Operating Agreement and Membership Interest Purchase Agreement with the Idaho Company to create Sky Enterprises, LLC. The purpose of Sky Enterprises was to manufacture and market the "Rite-Back" device,[1] a

---

[1] The "Rite-Back" is a device meant to aid the driver of an automobile in aligning the vehicle's hitch with a trailer.

1

product invented and patented by Jerry Losee. Shortly thereafter, the Idaho Company made $135,000 in purported advances to Sky Enterprises that it claims gave it a 50% membership interest in Sky Enterprises under the Purchase Agreement. With the initial financing, the Losees commenced construction of a facility on their real property to manufacture the Rite-Back device. However, by July of 2004, the initial investment was nearly exhausted and the Losees approached the Idaho Company for additional financing.

By March of 2004, the Idaho Company had become aware of claims that the Losees were mismanaging the funds advanced to Sky Enterprises.[2] Nonetheless, the Idaho Company agreed to advance an additional $126,000 to Sky Enterprises, bringing the total advances to $261,000, but required that the Losees individually sign a promissory note secured by a deed of trust in favor of the Idaho Company, pledging their real property as security for the loan. Thus, the Losees individually bound themselves to repayment of both the initial $135,000 advance and the subsequent $126,000 advance. The deed of trust was recorded in Bannock County.

Over the next few months, the advances from the Idaho Company to the Losees were exhausted and the business relationship between the Losees and the Idaho Company deteriorated. Following subsequent mediation and various judicial proceedings, the Losees filed a motion for partial summary judgment to quiet title to their real property arguing that the promissory note and deed of trust were invalid. The district court granted the Losees' motion for partial summary judgment and certified the order for immediate appeal. In its order, the district court found both the deed of trust and the promissory note null and void. The district court's explanation of its decision, however, ends there.[3]

The Idaho Company now appeals to this Court, arguing (1) there were genuine issues of material fact making the grant of summary judgment improper, and (2) the district court erred by failing to issue findings of fact and conclusions of law.

## II.

The following issues are presented: (1) whether genuine issues of material fact exist regarding the validity of the promissory note and the deed of trust; (2) whether the district court

---

[2] Such claims include that the Losees: (1) opened a personal bank account in which they deposited company funds in order to pay for personal expenses; (2) purchased a car with company funds; and (3) kept title in the manufacturing facility for Sky Enterprises in their own name.

[3] The parties allude to the district court's ruling from the bench on the summary judgment motion. However, neither party requested a transcript of the hearing, and thus this Court cannot determine if the district court explained its rationale from the bench.

erred in failing to enter findings of fact and conclusions of law; and (3) whether either party is entitled to attorney fees on appeal.

**A.**

On appeal from an order granting a party's motion for summary judgment, this Court employs the same standard of review that the trial court uses in ruling on the motion. *Banner Life Insurance Co. v. Mark Wallace Dixson Irrevocable Trust*, 147 Idaho 117, 123, 206 P.3d 481, 487 (2009). Summary judgment is appropriate when the pleadings, affidavits, and discovery documents before the court indicate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Idaho R. Civ. P. 56(c); *Banner Life Insurance Co.,* 147 Idaho at 123, 206 P.3d at 487. The moving party carries the burden of proving the absence of a genuine issue of material fact. *Id.*

When an action will be tried before a court without a jury, the court may, in ruling on the motions for summary judgment, draw probable inferences arising from the undisputed evidentiary facts. *Id.* at 124, 206 P.3d at 488. Drawing probable inferences under such circumstances is permissible because the court, as the trier of fact, would be responsible for resolving conflicting inferences at trial. *Id.* However, if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented, then summary judgment is improper. *Boise Tower Assocs., LLC v. Hogland*, No. 34333, 2009 WL 2581380, at *3 (Idaho Aug. 24, 2009). Conflicting evidentiary facts, however, must still be viewed in favor of the nonmoving party. *Banner Life Insurance Co,* 147 Idaho at 124, 206 P.3d at 488.

**B.**

To remove a cloud on title, the burden of proof is on the plaintiff to prove that it has title to the subject property free from any encumbrance. In this case, to set aside the promissory note and the deed of trust, the Losees have the burden of proving a legal theory that would excuse performance under the note and deed of trust. In the summary judgment context, the Losees would have to show by indisputable evidence that some legal theory has rendered the promissory note and the deed of trust invalid or that some infirmity exists in those documents that would render them null and void.

In this case, the promissory note and deed of trust are complete and regular on their faces. The Losees do not dispute this fact, and admit in their complaint that the promissory note and

3

deed of trust "personally obligate Plaintiffs for the debt." Thus, the only possible means to invalidate the deed of trust or the promissory note is through some cognizable legal theory.

In essence, the Losees' sole arguments in support of partial summary judgment were that the actions of the Idaho Company in asking them to be personally liable by virtue of the deed of trust and the promissory note were (1) misleading and (2) unfair. At oral argument, the Losees asked this Court to construe these arguments as evincing fraud in the inducement and unconscionability. Even putting aside the obvious infirmities in the Losees' pleadings, there are factual disputes that preclude summary judgment on both of these theories.

First, the Losees assert that "Idaho Company's attempt to 'boot strap' themselves out of their obligation to capitalize the company by strapping the Losees with personal debt [is] unconscionable." For a contract or contractual provision to be voided as unconscionable, it must be both procedurally and substantively unconscionable. *Walker v. American Cyanamid Co.*, 130 Idaho 824, 830, 948 P.2d 1123, 1129 (1997). Procedural unconscionability relates to the bargaining process leading to the agreement, while substantive unconscionability focuses upon the terms of the agreement itself. *Id.* Though the argument is not specifically articulated, the Losees seem to be basing their unconscionability claim on the following arguments: (1) the Losees were looking for the contribution of capital from a company by means of an "at risk" investment; (2) the Losees would not have given up 50% of their business just to garner personal debt; (3) the Idaho Company fully "leveraged" the acquisition of their capital interest; and (4) the effect of the Idaho Company's actions is a "capital squeeze" in which the Losees "had to obligate themselves to performances which they were incapable of completing."

There are genuine issues of material fact in this case as to each of the Losees' arguments. The affidavit submitted by the Idaho Company alleges facts that are directly contrary to the Losees' assertions. The Idaho Company claims that the Losees knew they were obligating themselves to personal debt and sought out the Idaho Company for an increase in the loan from $135,000 to $261,000. The Idaho Company further asserts that it was concerned about advancing additional money due to the Losees' suspected mismanagement of Sky Enterprises and also due to concerns about the viability of Sky Enterprises. The Losees were not obligated to accept additional funding, nor did the Idaho Company suggest they seek it. Rather, the Losees simply wanted additional capital and appear to have been willing to do what was asked of them by the

Idaho Company in order to get it. Thus, the record contains genuine issues of material fact relating to the issue of the Idaho Company's allegedly unconscionable conduct.

Additionally, a mere sense of inequity is not enough to support a grant of summary judgment. While the district court may have believed the actions of the Idaho Company to be inequitable, courts do not possess the roving power to rewrite contracts in order to make them more equitable. *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 191, 108 P.3d 332, 338 (2005). Equity may intervene to change the terms of a contract if the court finds unconscionable conduct serious enough to justify its interference. *Id.* "While a court of equity will not relieve a party from a bargain merely because of hardship, yet he [or she] may claim the interposition of the court if an unconscionable advantage has been taken of his [or her] necessity or weakness." *Id.* (quoting 28 AM. JUR. 2d *Equity* § 24 (1966)). It is not sufficient, however, that the contractual provisions appear unwise or their enforcement may seem harsh. *Id*. Thus, even if the district court believed the terms of the promissory note or the deed of trust to be harsh, such a belief is insufficient to support a grant of summary judgment.

Second, the Losees argue that they did not "[understand] that [the] execution of these documents would amount to a lien against [their] home and real property." They further claim that they were told the deed of trust would not be recorded. At oral argument on this appeal, the Losees asked the Court to construe this argument as evincing fraud in the inducement. The Idaho Company responds by alleging that it "explained to the Losees that the purpose of the deed of trust in favor of Idaho Company was to secure the loan from Idaho Company," and further that "[a]t no time were the Losees told that the deed of trust they executed would not be recorded; rather, [the Idaho Company] specifically informed them that said Deed of Trust would be recorded." Thus, even assuming the district court concluded that these actions amount to fraud in the inducement, there are factual disagreements about the understanding and intent of each party to the deed of trust and promissory note, precluding summary judgment.

Therefore, the record in this case is replete with factual disputes that make the district court's grant of summary judgment improper. Because we vacate the summary judgment on the foregoing grounds, we need not address the Idaho Company's argument regarding the lack of factual findings.[4]

---

[4] Idaho Rule of Civil Procedure 52(a) specifies that findings of fact and conclusions of law are unnecessary to support decisions on summary judgment. However, this does not mean that the trial judge should not articulate

## C.

The Idaho Company requests attorney fees and costs on appeal pursuant to the deed of trust. Specifically, the terms of the deed of trust read:

> Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses.

Contractual terms providing for recovery of attorney fees incurred in actions to enforce the contract represent an election by the parties to place the risk of litigation costs on the one who is ultimately unsuccessful. *Zenner v. Holcomb*, 147 Idaho 144, 152, 210 P.3d 552, 560 (2009). This Court has held that these provisions are generally honored in Idaho. *Id.* Therefore, we hold that the Idaho Company is the prevailing party on appeal and entitled pursuant to the deed of trust to recover their costs and attorney fees for this appeal.

## III.

The district court's order granting partial summary judgment to the Losees is vacated and the case is remanded for further proceedings consistent with this opinion. Costs and attorney fees on appeal are awarded to the Idaho Company.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.

---

some ground for granting or denying a motion for summary judgment. Here, the Losees did not specify any legal theory in their complaint that would have allowed the district court to invalidate the deed of trust and promissory note. Thus, this Court was left to guess at what might have caused the district court to enter a summary judgment invalidating both documents. During oral argument before the Court, counsel for the Losees indicated that the district judge had stated some of his rationale for invalidating the documents when he ruled from the bench at the summary judgment motion hearing. If so, prudent practice would have dictated that the transcript be made available to this Court on appeal. While the result likely would not have been altered, it would have been helpful in determining what prompted the district judge to rule as he did.