## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40886

| | |
|---|---|
| BARRY McHUGH, KOOTENAI COUNTY PROSECUTING ATTORNEY, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>JEFFREY A. REID AND SANDRA M. SNYDER-REID, )<br><br>Parties Aggrieved-Appellants, )<br><br>and )<br><br>ONE BLUE 2007 TOYOTA FJ CRUISER, VIN NO. JTEBU11F470014172, AND ONE THOUSAND, SEVEN HUNDRED DOLLARS AND ZERO CENTS ($1,700.00) OF LAWFUL US CURRENCY, )<br><br>Defendants. ) | 2014 Opinion No. 28<br><br>Filed: April 16, 2014<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of civil forfeiture, vacated and remanded.

Nicolas V. Vieth, Coeur d'Alene, for appellants.

Barry McHugh, Kootenai County Prosecuting Attorney; Jamila D. Holmes, Deputy Prosecuting Attorney, Coeur d'Alene, for respondent. Jamila D. Holmes argued.

_____

MELANSON, Judge

Jeffrey A. Reid and Sandra M. Snyder-Reid appeal from the judgment of civil forfeiture of the Reids' 2007 Toyota FJ Cruiser. Specifically, they assert that the district court erred in partially granting Kootenai County Prosecuting Attorney Barry McHugh's motion for summary judgment with regard to the vehicle. For the reasons set forth below, we vacate and remand.

1

# I.

## FACTS AND PROCEDURE

Jeffrey Reid was stopped while driving his 2007 Toyota FJ Cruiser after an officer observed him speeding. The officer had been on the lookout for the vehicle after receiving a report that the individual driving the vehicle had allegedly dumped marijuana plants on the side of the road. During a consensual search of the vehicle, loose green plant material identified as marijuana was found. Reid was arrested and the vehicle was impounded. Near the same time, a detective went to the Reids' home and received consent to search the home from Reid's wife, Sandra Snyder-Reid. The search revealed marijuana, paraphernalia, $1,700 in cash, and equipment for growing marijuana.

Reid pled guilty to delivery of a controlled substance, I.C. § 37-2732(a)(1)(A), and Snyder-Reid pled guilty to manufacturing a controlled substance, I.C. § 37-2732(a)(1)(B). As part of a plea agreement, additional charges of trafficking in marijuana were dismissed. The district court withheld judgment and placed the Reids on supervised probation for three years.

While the criminal cases were pending, McHugh filed a complaint *in rem* seeking forfeiture of the vehicle, money, and hydroponic growing equipment found in the Reids' home. The Reids filed unverified answers, followed by a motion to dismiss the complaint approximately two months later in which they claimed that McHugh had failed to set the matter for a hearing. The district court held a hearing and denied the motion to dismiss, finding that I.C. § 37-2744 did not require McHugh to set the matter for a hearing within a specified timeframe.

McHugh subsequently filed a motion for summary judgment, which the district court granted as to the vehicle and denied as to the money. The Reids filed a motion to reconsider the denial of their motion to dismiss, which the district court denied. McHugh was granted attorney fees and costs associated with the Reids' motion to reconsider.

The parties then filed a stipulated dismissal of the action with prejudice in which they agreed to each bear their own attorney fees and costs. Both an order of dismissal with prejudice and a judgment of civil forfeiture were signed by the district court. The judgment noted that it was pursuant to the stipulation of the parties; however, no stipulation to the judgment was ever filed. The judgment ordered that McHugh receive $1,000 and all right, title, and interest to the vehicle; in return, the Reids received $700. The district court also noted in the judgment that the stipulation settled with prejudice all existing material claims related to the seizure and forfeiture

2

of the vehicle and currency.[1]  The Reids appeal, challenging the district court's grant of summary judgment as to the vehicle.[2]  McHugh requests an award of attorney fees and costs on appeal.

## II.

## STANDARD OF REVIEW

When reviewing an order for summary judgment, this Court applies the same standard of review that was used by the trial court in ruling on the motion for summary judgment.  *Vreeken v. Lockwood Eng'g, B.V.*, 148 Idaho 89, 101, 218 P.3d 1150, 1162 (2009).  Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law.  *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986).  When an action will be tried before the court without a jury, the trial court as the trier of fact is not constrained to draw inferences in favor of the nonmoving party, but rather is entitled to reach the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences.  *Flying Elk Inv., LLC v. Cornwall*, 149 Idaho 9, 13, 232 P.3d 330, 334 (2010); *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982).  Drawing probable inferences under such circumstances is permissible because the court, as the trier of fact, would be responsible for resolving conflicting inferences at trial.  *Losee v. Idaho Co.*, 148 Idaho 219, 222, 220 P.3d 575, 578 (2009); *Riverside Dev. Co.*, 103 Idaho at 519, 650 P.2d at 661.  However, conflicting evidentiary facts must still be viewed in favor of the nonmoving party.  *Losee*, 148 Idaho at 222, 220 P.3d at 578.

The party moving for summary judgment initially carries the burden of establishing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992).  The burden

---

[1]     The judgment of forfeiture and the simultaneously entered order of dismissal are fundamentally inconsistent dispositions of the same case, but neither party asks us to address this on appeal.  The parties seem to view these as a judgment for forfeiture of the vehicle, with a dismissal of the *remaining* claims, but that is not what the documents say.

[2]     The Reids do not challenge the judgment's disposition of the $1,700.

may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the nonmoving party to show, via further depositions, discovery responses, or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). The nonmoving party cannot rest upon mere speculation and must submit more than just conclusory assertions that an issue of material fact exists to withstand summary judgment. *Cantwell v. City of Boise*, 146 Idaho 127, 133, 191 P.3d 205, 211 (2008). A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact. *Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007). Summary judgment is appropriate where the nonmoving party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to the party's case. *Cantwell*, 146 Idaho at 133, 191 P.3d at 211.

### III.
### ANALYSIS

**A.     Waiver of Right to Appeal**

Initially, we address McHugh's contention that the Reids are precluded from bringing the instant appeal because they agreed to a stipulated judgment that resolved all issues in the case with prejudice and failed to explicitly reserve their right to appeal. As a result, the errors they allege are waived. The Reids respond that they did not appeal from the judgment of forfeiture and, instead, appeal from the district court's grant of partial summary judgment in favor of McHugh as to the vehicle. However, the notice of appeal filed with the district court states that they appealed to this Court "from the Judgment of Forfeiture entered into" by stipulation of the parties in the case. The notice of appeal avers that the judgment is appealable pursuant to I.A.R. 11(a)(1), which allows for appeals from final judgments; the judgment of forfeiture is the only final judgment in this case, as the district court declined to enter an I.R.C.P. 54(b) certification of

4

final judgment from the grant of partial summary judgment. Thus, the Reids' appeal is from the judgment of civil forfeiture.

Generally, a consent judgment is not subject to appellate review. *Pac. Nat. Bank of Wash. v. Mount*, 97 Idaho 887, 556 P.2d 70 (1976); *Kershaw v. Pierce Cattle Co.*, 87 Idaho 323, 329, 393 P.2d 31, 34 (1964). An exception to this general rule is made in those cases where it appears there is a lack of actual consent to the judgment; lack of jurisdiction over the subject matter; where the judgment was obtained by fraud, collusion, or mistake; or where the judgment adversely affects the public interest. *Pac. Nat. Bank*, 97 Idaho at 888, 556 P.2d at 71. The Idaho Supreme Court has also recognized an exception for consent judgments explicitly entered into to expedite an appeal. *See Harvey v. Bunker Hill & Sullivan Mining & Concentrating Co.*, 2 Idaho 732, 734, 24 P. 30, 31 (1890) (stating that a party may appeal from a "*pro forma* judgment" to which it consented to expedite an appeal if it appears from the record that the party reserved all rights to an appeal and both sides understood that the party did not intend to abandon its right to appeal the consent judgment). Where none of the listed exceptions apply, a decree that appears by the record to have been rendered by consent is always affirmed without considering the merits of the cause. *Swift & Co. v. United States*, 276 U.S. 311, 324 (1928); *Nashville, Chattanooga & St. Louis Ry. Co. v. United States*, 113 U.S. 261, 266 (1885); *Pac. Nat. Bank*, 97 Idaho at 888, 556 P.2d at 71.

McHugh asserts that the Reids waived their right to appeal the errors they allege because they failed to preserve that right in the stipulated judgment of forfeiture entered with their consent. However, McHugh is unable to produce a stipulation to the judgment of forfeiture. All the record contains is the stipulation for dismissal with prejudice, the order for dismissal with prejudice, and the judgment of forfeiture that was prepared by McHugh and states that it is pursuant to a stipulation for judgment of forfeiture. The only document that bears the signature of all the parties is the stipulation for dismissal with prejudice, which does not suffice to show consent to the judgment of forfeiture. Indeed, at oral argument, counsel for McHugh acknowledged that there was no stipulation to the judgment of forfeiture signed by all the parties in the record but that counsel for the Reids saw the judgment of forfeiture prior to it being

5

submitted to the district court.[3]   The procedural circumstances of this case are unusual.  The district court granted summary judgment in favor of McHugh as to the vehicle but did not enter a final judgment because McHugh's claim to the currency remained at issue.  Thus, the Reids could not then appeal from the district court's decision granting forfeiture of the vehicle. The parties then stipulated to a *dismissal* of the case with prejudice and, for some reason not clear from the record, a judgment of forfeiture was entered.  Generally, unless it is clear from the record that the parties assented, there is no stipulation.  *See* 73 AM. JUR. 2d *Stipulations* § 2 (2012); 83 C.J.S. *Stipulations* § 14 (2010).  Assent is generally shown either by making the stipulation in open court or reducing it to writing with the signatures of all parties involved.  73 AM. JUR. 2d *Stipulations* § 2; 83 C.J.S. *Stipulations* § 14.  Without such a record of assent, under the unusual circumstances of this case, we cannot confidently say that the Reids failed to preserve their right to appeal from that document.[4]   Accordingly, we consider the merits of the Reids' appeal.

**B.      Excessive Fines Clause**

The Reids assert that the forfeiture of their vehicle is grossly disproportionate to the gravity of the offenses they committed, making it a violation of the Excessive Fines Clause of

---

[3]      Reid's counsel admitted at oral argument that he saw the judgment of forfeiture prior to filing.

[4]      Additionally, we note that the transcript from the summary judgment hearing suggests the Reids' intent--albeit equivocal--to appeal the partial grant of summary judgment.  At the end of the hearing, counsel for Snyder-Reid stated:

> Your Honor, one other thing.  And I haven't discussed this with my client[s] yet regarding a *potential appeal*.  I guess I just ask for a little direction from the Court whether or not the Court wants us to brief that issue and make a request to stay the forfeiture or the sale of the vehicle *pending the appeal*.  I haven't discussed it with my clients yet, but I would like a little bit of time, maybe a few days, in order to determine whether or not they want to bring this up or whether or not they want to let it go.

(Emphasis added.)

the Eighth Amendment.[5]  As a result, they argue, the district court erred in granting partial summary judgment in favor of McHugh as to the vehicle.[6]

Idaho Code Section 37-2744(a)(4) provides, in pertinent part:

> (a)     The following are subject to forfeiture:
> . . . .
> (4)     All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment, for the purpose of distribution or receipt of [controlled substances].

Forfeitures under Section 37-2744 are limited by the Excessive Fines Clause of the Eighth Amendment. *Nez Perce Cnty. Pros. Atty. v. Reese*, 142 Idaho 893, 898-99, 136 P.3d 364, 369-70 (Ct. App. 2006).  The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality--the amount of the forfeiture must bear some relationship to the gravity of the offense it is designed to punish. *United States v. Bajakajian*, 524 U.S. 321, 334 (1998); *Reese*, 142 Idaho at 899, 136 P.3d at 370.  If the amount of a forfeiture is grossly disproportionate to the gravity of the defendant's offense, it is unconstitutional. *Bajakajian*, 524 U.S. at 337; *Reese*, 142 Idaho at 899, 136 P.3d at 370.  The burden of demonstrating a violation of the Eighth Amendment is on the party asserting the constitutional violation. *Reese*, 142 Idaho at 899, 136 P.3d at 370.

In *Reese*, this Court set out the factors to be considered by a district court when determining whether a forfeiture is grossly disproportionate under the Excessive Fines Clause. We stated:

> In considering the gravity of the offense, factors for courts' consideration include the nature and extent of the crime, whether the violation was related to other criminal activities, the other penalties that may be imposed for the violation, and the extent of harm caused.  Judgments about appropriate punishment for an offense belong in the first instance to the legislature.  Thus, among the most important factors when determining the gravity of the offense are other penalties authorized by the legislature.  Additionally, the culpability of the offender should

---

[5]     "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.

[6]     The Reids argue the issue of constitutionality directly as opposed to in terms of whether there was a genuine issue of material fact; however, they frame their argument as a challenge to the district court's grant of partial summary judgment.  Accordingly, we analyze this issue in terms of whether the district court erred in granting summary judgment based on the Reids' Excessive Fines Clause claim.

be examined specifically instead of examining the gravity of the crime in the abstract. Courts may take into account the extent of both the defendant's and the property's roles in the offense, the nature and scope of the illegal operation at issue, the personal benefit reaped by the defendant, and the value of the contraband involved in the offense.

To determine the proportionality of the forfeiture, relevant factors include, but are not limited to, the fair market value of the property, the intangible or subjective value of the property, and the hardship to the defendant. Courts have considered the property's character . . . when evaluating the subjective value of the property or the harshness of the forfeiture. Courts may also take into account any other sanctions imposed upon the defendant by the sovereign seeking forfeiture. Additionally, the effect of forfeiture on the defendant's family or financial circumstances is relevant.

*Reese*, 142 Idaho at 899-900, 136 P.3d at 370-71 (citations omitted).

Here, the Reids neither cited to nor argued the *Reese* factors in the summary judgment proceedings below, aside from an incidental showing of potential hardship through an affidavit of Snyder-Reid attached to a different motion. Indeed, the Reids never offered the fair market value of the vehicle or the subjective value of the vehicle.[7] They also failed to offer any argument or evidence regarding the gravity of the offense. Conversely, McHugh offered arguments regarding the severity of the offense, the other penalties authorized by the legislature, and the Reids' failure to carry their burden of proof. Thus, the Reids did not present evidence raising a genuine issue of material fact as to proportionality under the Excessive Fines Clause. Summary judgment on this issue was appropriate.

## C. Grant of Partial Summary Judgment

The Reids further argue that the district court erred in granting partial summary judgment as to the vehicle because there is a genuine issue of material fact as to whether the vehicle was used for the purpose of distribution or receipt of marijuana. In order for a vehicle to be forfeited pursuant to I.C. § 37-2744(a)(4), the plaintiff must prove by a preponderance of the evidence that the vehicle was used, or intended for use, to transport, or in any manner to facilitate the

---

[7] The Reids attempt to introduce evidence of the vehicle's value for the first time on appeal by citing to the Kelley Blue Book website. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Similarly, evidence not a part of the record before the trial court will not be considered on appeal. *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007); *Eldridge v. Payette-Boise Water Users' Ass'n*, 50 Idaho 347, 348, 296 P. 1022, 1022 (1931). Accordingly, the Reids' attempt to introduce evidence not found below through their briefing on appeal is improper and will be disregarded. *See Nelson*, 144 Idaho at 714, 170 P.3d at 379.

transportation, delivery, receipt, possession or concealment, for the purposes of distribution or receipt of a controlled substance. I.C. § 37-2744(a)(4); *Richardson v. One 1972 GMC Pickup*, 121 Idaho 599, 601, 826 P.2d 1311, 1313 (1992). The phrase "for the purpose of distribution or receipt" modifies all the antecedent terms. *Ada Cnty. Pros. Atty. v. 2007 Legendary Motorcycle*, 154 Idaho 351, 355, 298 P.3d 245, 249 (2013). Thus, transporting a controlled substance is not alone sufficient for forfeiture under I.C. § 37-2744(a)(4); the plaintiff must show by a preponderance of the evidence that the transportation was "for the purpose of distribution or receipt" of a listed controlled substance. *2007 Legendary Motorcycle*, 154 Idaho at 355, 298 P.3d at 249; *One 1972 GMC Pickup*, 121 Idaho at 601, 826 P.2d at 1313.

The purpose of summary judgment proceedings is to eliminate the necessity of trial where facts are not in dispute and where existent and undisputed facts lead to a conclusion of law which is certain. *Berg v. Fairman*, 107 Idaho 441, 444, 690 P.2d 896, 899 (1984). In a motion for summary judgment brought by a plaintiff, summary judgment is not proper if the plaintiff is unable to carry its initial burden of establishing the essential elements of its claim. *See Dunnick*, 126 Idaho at 311, 882 P.2d at 478; *Eliopulos*, 123 Idaho at 404, 848 P.2d at 988. Indeed, the plaintiff seeking summary judgment must make a prima facie showing of the essential elements of its claim by affidavit, depositions, or discovery responses before it can be entitled to summary judgment as a matter of law. *Cf. Sanders*, 125 Idaho at 874, 876 P.2d at 156.

Here, McHugh presented the affidavits of the officer who stopped Reid and of the detective who led the search of the Reids' home. The affidavit of the stopping officer indicates that, during the consensual search of the vehicle, some marijuana fell from the vehicle when Reid opened the rear door, the officer found some marijuana in cardboard boxes in the vehicle, and the officer smelled a strong odor of marijuana coming from the vehicle. The detective's affidavit indicates that Snyder-Reid admitted that she and Reid had been growing marijuana in their home. However, she stated that the marijuana was being grown for her personal medical use. McHugh also submitted several documents from the Reids' criminal cases, including the amended informations to which the Reids pled, the pretrial settlement offers, and the withheld judgments.

Reading these documents and affidavits in the light most favorable to the nonmoving party, we conclude that McHugh fails to establish the required nexus between the vehicle and its use for the purpose of distribution or receipt of marijuana. All that the evidence has established

9

thus far is that the vehicle was used to transport marijuana.  The evidence provided in support of the motion for summary judgment fails to establish that the Reids were involved in any form of drug distribution, much less that their vehicle was used to facilitate such an enterprise.  McHugh argues that the Reids' guilty pleas to manufacturing and delivery of a controlled substance necessarily establish this point.  McHugh is correct that a guilty plea is a judicial admission of all facts charged in an indictment or information.  *State v. Coffin*, 104 Idaho 543, 546, 661 P.2d 328, 331 (1983).  However, neither of the informations to which the Reids pled guilty mentioned the vehicle or indicated that the vehicle had been used for the purpose of distribution or receipt of marijuana.  McHugh also argues that the term "distribute" as defined in the Uniform Controlled Substances Act includes delivery.  *See* I.C. § 37-2701(g), (k).  Even assuming (without deciding) that McHugh's assertion is correct, he nonetheless still fails to provide any evidence linking the vehicle to distribution or receipt of marijuana.  Although the Reids did not provide facts to dispute whether the vehicle had been used for the purpose of distribution or receipt of marijuana,[8] they did not need to do so to avoid summary judgment because McHugh failed to carry his initial burden of establishing that element of the forfeiture claim.  Thus, there remains a genuine question of material fact as to whether the vehicle was used for the purpose of distribution or receipt of a controlled substance. As a result, McHugh was not entitled to summary judgment as a matter of law, and the district court erred in granting partial summary judgment in his favor as to the vehicle.

**D.    Attorney Fees**

McHugh argues that he is entitled to attorney fees on appeal under I.C. § 12-117 because the Reids acted without a reasonable basis in law or fact.  However, I.C. § 12-117 authorizes attorney fees only to the prevailing party on appeal.  *City of Osburn v. Randel*, 152 Idaho 906, 910, 277 P.3d 353, 357 (2012); *Daw v. School Dist. 91 Bd. of Trustees*, 136 Idaho 806, 808, 41 P.3d 234, 236 (2001).  Because McHugh is not the prevailing party on appeal, he is not entitled to attorney fees under Section 12-117.  Accordingly, McHugh's request for attorney fees is denied.

---

[8]     The only evidence supporting the Reids' position in the record is the affidavit of Snyder-Reid attached to their motion to release the vehicle due to hardship.  This brief affidavit only outlined the hardship the Reids faced as a result of not having the vehicle.

### III.

### CONCLUSION

The Reids did not waive their right to appeal. The district court did not err in granting summary judgment as to Reids' Excessive Fines Clause claim. McHugh failed to establish that the vehicle was used for the purpose of distribution or receipt of a controlled substance, precluding summary judgment as a matter of law. McHugh is not the prevailing party on appeal and is not entitled to an award of attorney fees. Accordingly, we vacate the judgment of forfeiture as to the vehicle and remand for further proceedings consistent with this opinion. Pursuant to I.A.R. 40, the Reids are entitled to costs on appeal.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**