## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41928

| | |
|---|---|
| ACTION COLLECTION SERVICE, INC, | ) 2015 Unpublished Opinion No. 315 |
| | ) |
| | ) Filed: January 22, 2015 |
| Plaintiff-Appellant, | ) |
| | ) Stephen W. Kenyon, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| HARMONY L. McCULLOUGH, aka BLACK, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. Jayme Sullivan and Hon. Jerold W. Lee, Magistrates.

Order of the district court, on intermediate appeal from the magistrate, vacating magistrate's award of summary judgment, affirmed.

Shaun R. Bonney of Shearer & Bonney, P.C., Boise, for appellant.

Harmony Black, Nampa, pro se respondent.

_____

MELANSON, Chief Judge

Action Collection Service, Inc. appeals from the district court's order vacating the magistrate's grant of summary judgment. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In September 2007, Harmony L. McCullough's (aka Black) daughter was placed in the custody of the Idaho Department of Juvenile Corrections (IDJC) for an indeterminate period. The IDJC notified McCullough that her daughter had been placed under its custody and that it would be providing the child's care and treatment. McCullough was also notified that she was responsible for reimbursing the State for the care and treatment of her daughter and that the IDJC would calculate a reasonable monthly reimbursement rate, based upon income information to be

1

supplied by McCullough. McCullough did not respond and the IDJC sent her another letter requesting documentation and including a stipulation for statutory reimbursement. That stipulation proposed a reimbursement rate of $235 per month, based upon historical information the IDJC obtained about McCullough's reported wages and the IDJC's calculation of a reasonable monthly reimbursement rate. The letter also informed McCullough that if she disagreed with the IDJC's reimbursement proposal, she could request a hearing with the Canyon County Juvenile Court. McCullough failed to return the signed stipulation or request a hearing. In April and June 2009, McCullough made payments of $235 to the IDJC. Her daughter was released in July 2009 and McCullough made no further payments to the IDJC. The IDJC notified McCullough of her failure to make payments and informed her of her right to dispute the account, which she did not exercise. The account was assigned to Action Collection, which sent additional notices and demands for payment. McCullough did not respond and this suit was filed to collect the debt.

McCullough provided an answer to the complaint in a document titled "Objection to Complaint," in which she responded that she had not been given the opportunity to verify the debt or the proposed amount of the interest, that no proof of any of the amounts had been provided, and made a number of allegations and defenses based upon federal and state debt collection acts.[1] Action Collection filed a motion for summary judgment pursuant to I.R.C.P. 56 and a hearing was held. At the hearing, Action Collection asserted that Rule 56 required summary judgment if there are no affidavits filed by the party opposing summary judgment. Action Collection further argued that there were no contested facts because McCullough filed no affidavits in opposition to the motion for summary judgment. When asked about her failure to provide affidavits, McCullough explained: "I found the 30 days that they gave me to respond was inadequate. My house was flooded, and I lost my paperwork. I got West Nile in July 4th, 2007, so I was very sick during the time that my daughter went in." The magistrate stopped McCullough's comments, citing Rule 56, and limited McCullough's comments to whether she had any depositions or affidavits in support of her objection to the motion for summary

---

[1] Action Collection contends that the acts did not apply because the debt at issue was not a "debt," as defined in the statutes. We will not address whether the debt at issue is within the scope of the debt collection acts because those arguments go to the merits of the case, which were not addressed by either the magistrate or district court. The issue on appeal here is whether the district court erred in reversing the magistrate's grant of summary judgment.

judgment. McCullough admitted she had provided none. Because McCullough failed to provide depositions or affidavits in opposition to the motion for summary judgment, the magistrate explained that "the Court's hands are tied. It will result in an order granting summary judgment." McCullough appealed to the district court.

At appellate oral argument before the district court, McCullough explained that there was nothing in her daughter's plea agreement requiring reimbursement, the juvenile court had not entered an order requiring her to pay restitution, and she did not agree to pay restitution by signing the stipulation sent by the IDJC. The district court noted that the magistrate "felt constrained to grant the motion." Action Collection responded that the magistrate was correct and that "based upon the record in the file, the court determined that there were no disputed genuine issues of material fact." The district court expressed a number of concerns about the merits of the case, specifically whether the debt was valid because no court order or agreement to pay the restitution existed. The district court further asked McCullough why she did not ask the magistrate for more time to file affidavits and depositions. McCullough responded, "I didn't know I could." After further discussion with both parties, the district court vacated the summary judgment and remanded to the magistrate with the instruction to "consider the appearance at the magistrate level to have been a request for extension of time to enable [McCullough] . . . to make a proper showing in response to summary judgment." Action Collection appeals.[2]

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions following therfrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review

---

[2] McCullough raises a number of issues on appeal. However, we need not address these because we affirm on the basis that the magistrate did not address whether Action Collection met its burden of proving it was entitled to judgment as a matter of law.

3

the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id*.

## III.

## ANALYSIS

### A. District Court's Reversal

Action Collection argues that the district court erred in holding that McCullough's statements at the summary judgment hearing were a request for an extension of time and should have been considered as such. At the summary judgment hearing, McCullough explained that "I found the 30 days that they gave to respond was inadequate. My house was flooded, and I lost my paperwork. I got West Nile in July 4th, 2007, so I was very sick during the time that my daughter went in." This language does not appear to be a request for more time, but McCullough's explanation for her failure to provide affidavits. The transcript of the appellate hearing before the district court further shows that McCullough was not asking for an extension of time. When the district court asked McCullough why she did not ask the magistrate for an extension of time, she answered "I didn't know I could." McCullough's answer indicates that she was not asking for an extension of time since she was not aware it was an option. Although McCullough's comments at the summary judgment hearing suggested that more time was needed, the magistrate did not err in failing to interpret McCullough's comments as a request for an extension of time. Therefore, the district court erred in vacating and remanding on the basis that the magistrate should have viewed McCullough's comments at the summary judgment hearing as a request for an extension of time. However, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

### B. Magistrate's Grant of Summary Judgment

Before the magistrate, district court and this Court, McCullough argued that Action Collection had failed to provide evidence that she was liable to pay restitution for her daughter's care and treatment during her incarceration.[3] A party moving for summary judgment bears the initial burden to establish not only that there is no genuine issue of material fact, but also that,

---

[3] Although McCullough cited arguably inapplicable legal theories to support her contention, she has been consistent in arguing that Action Collection failed to prove that she was liable to pay restitution for her daughter's incarceration.

based upon evidence and legal authority, the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). As I.R.C.P. 56(e) states, it is only "[w]hen a motion for summary judgment is made and supported as provided in this rule," that the burden shifts to the adverse party to "by affidavits or as otherwise provided in this rule . . . set forth specific facts showing that there is a genuine issue for trial." If the movant's burden is not sustained, the party in opposition need not respond with any contrary evidence at all. *See McHugh v. Reid*, 156 Idaho 299, 306, 324 P.3d 998, 1005 (Ct. App. 2014). Where, as here, it is the plaintiff who seeks summary judgment, the plaintiff must allege a cause of action recognized in the law and show undisputed facts establishing each element of the cause of action. *Id.* If that burden is not met, summary judgment must be denied regardless of whether the defendant has responded with affidavits raising factual issues.

Here, the magistrate concluded that there was no genuine issue of material fact, but did not identify any pleaded cause of action or theory of liability upon which it was granting summary judgment. Specifically, the magistrate did not determine whether a valid debt existed upon which Action Collection was entitled to judgment--a necessary element for collecting a debt. Instead, the magistrate focused on McCullough's failure to produce evidence rather than whether Action Collection had met is burden of establishing each element of the cause of action. The magistrate stated:

> In this case, [Mccullough] has not provided any affidavits, any depositions, or conducted any discovery and provided that to the Court to support her opposition to summary judgment. Her failure to do so will, in fact--the Court's hands are tied. It will result in an order granting summary judgment.

Therefore, we affirm the district court's order vacating and remanding this case to the magistrate.

## C.      Attorney Fees and Costs on Appeal

Action Collection requested attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party. Because Action Collection is not the prevailing party, its request for attorney fees on appeal is denied. However, McCullough is the prevailing party on appeal and is entitled to an award of costs pursuant to I.A.R. 40.

**IV.**

**CONCLUSION**

The magistrate did not address whether Action Collection was entitled to judgment on the cause of action plead, as required by Rule 56. Thus, the district court did not err in vacating and

5

remanding the magistrate's grant of summary judgment. Therefore, the district court's order, on intermediate appeal from the magistrate, vacating magistrate's award of summary judgment is affirmed. Costs are awarded on appeal to McCullough as the prevailing party.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.