599 P.2d 831

## GULF HOMES, INC., an Arizona Corporation, Appellant,

v.

Paul BEAR and Jane Doe Bear (a fictitious name), his wife, Fred Bear and Rita Roe Bear (a fictitious name), his wife, John Doe Smith and Jane Doe Smith, his wife (both being fictitious names), all doing business as Paradon Company, Inc., a corporation, dba Wintercove Park, Inc., Appellees.

No. 1 CA–CIV 4148.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 21, 1979.

fies at the trial and is subject to cross-examination.

Steven L. Wasserman and Charles I. Friedman, Phoenix, for appellant.

Andersen & Schatz, P. A. by Joe V. Andersen, Chandler, William A. Mundell, for appellees.

## OPINION

FROEB, Judge.

We are asked to construe A.R.S. § 33–1478(A), the section of the Arizona Mobile Home Parks Residential Landlord and Tenant Act which deals with the remedies of the landlord if the tenant abandons the mobile home. Section 33–1478(A) provides:

> If the tenant abandons the mobile home unit on a mobile home space, it is incumbent upon the landlord to locate the legal owner or lienholder of the mobile home unit within ten days and communicate to him his liability for any costs incumbered for the mobile home space for such mobile home unit, including rent and utilities due and owing. However, the landlord shall be entitled to a maximum of sixty days' rent due prior to notice to lienholder. Any and all costs shall then become the responsibility of the legal owner or lienholder of the mobile home. The mobile home unit may not be removed from the mobile home space without a signed written agreement from the mobile home park landlord, owner or manager showing clearance for removal, showing all monies due and owing paid in full, or an agreement reached with the legal owner and the landlord.

The questions before us concerning this section are: (1) whether the ten-day aban-

donment notice by the landlord to the lienholder is a prerequisite to the rent, costs, and utilities provision, and (2) whether the notice is a prerequisite to the right of the landlord to prevent removal of the mobile home.

From the record and briefs, it appears that the tenant abandoned the subject mobile home in November of 1975. The last month for which the tenant had paid rent was August of that year. Wintercove Park, Inc. (the landlord) made no effort to notify the party holding the lien on the mobile home that it had been abandoned. On July 12, 1976, Gulf Homes, Inc. (the lienholder) telephoned and informed the landlord that it was the lienholder. During that telephone conversation the lienholder and landlord reached an agreement whereby the mobile home was to remain on the landlord's premises rent free while both parties tried to sell it. If, under its nonexclusive right to sell, the landlord did sell the mobile home, it would receive a fixed sum as commission. The agreement was confirmed by letter the next day.

Approximately two weeks later the lienholder found a buyer for the mobile home and notified the landlord. On August 1, 1976, the lienholder sent a driver and truck to the park to pick up the mobile home. The landlord, however, prevented the lienholder from removing the mobile home by parking a pickup truck in the way and padlocking the hitch of the home to the slab on which it rested. The landlord demanded rent pursuant to § 33–1478(A) in return for removal. The lienholder refused to make any payment to the landlord. As a result of the landlord's refusal to allow removal of the mobile home, the sale by the lienholder was allegedly thwarted. The lienholder claimed as damages: (1) the cost of the "dry run" when it sent a truck and driver to pick up the mobile home, $150.00; (2) lost rents for the mobile home, 30 days × $7.50/day reasonable rental, $225.00; and (3) lost profits on the thwarted sale of the mobile home, $2,000.00.[1]

The lienholder filed a suit against Paradon Company, Inc., dba Wintercove Park, Inc., and several individually named defendants claiming conversion and breach of contract. The trial court granted a motion for summary judgment in favor of the defendants on the conversion claim and the case proceeded to trial on the breach of contract claim. The court awarded the lienholder $375.00, but granted judgment in favor of the individually named defendants. The lienholder appeals on the grounds that the court incorrectly denied its claim for lost profits and that it incorrectly granted summary judgment on the conversion claim.

The lienholder argues that the landlord improperly prevented removal of the mobile home because it had lost any right to rent by failing to give the lienholder notice of the abandonment. The landlord argues that the ten-day notice requirement is not a necessary predicate to the rent provision. The pertinent part of § 33–1478(A) reads:

If the tenant abandons the mobile home unit on a mobile home space, it is incumbent upon the landlord to locate the legal owner or lienholder of the mobile home unit within ten days and communicate to him his liability for any costs incumbered for the mobile home space for such mobile home unit, including rent and utilities due and owing. However, the landlord shall be entitled to a maximum of sixty days' rent due prior to notice to lienholder.

■ The use of the word "incumbent" in the first sentence indicates that the ten-day notice is obligatory if the landlord intends to obtain the benefit of this statute. Were this not the intended meaning, what sanction would there be against a landlord who failed to give the notice? What reason is there to use notably mandatory language if there is no consequence in failing to observe it? In construing a statute, we presume the legislature means what it says. *Padilla v. Industrial Commission,* 113 Ariz. 104, 546

---

1. The lienholder does not mention in this appeal its prayer for $5,000.00 punitive damages included in its conversion claim.

P.2d 1135 (1976). Further, words of a statute are to be given their obvious and natural meaning. *Odle v. Shamrock Dairy of Phoenix, Inc.,* 7 Ariz.App. 515, 441 P.2d 550 (1968). We hold that if a landlord fails to comply with the ten-day notice provision of § 33–1478(A) he is not entitled to recover from the lienholder rents, costs, and utilities otherwise recoverable under § 33–1478(A).

We next consider the final provision of A.R.S. § 33–1478(A) which allows the landlord to hold the mobile home until "all monies due and owing" are paid in full.

■ Although it is not expressed, this provision has the same effect as a possessory lien which, prior to the statute, was unavailable to the landlord. *See Elkhart Investment Corporation v. Gazin,* 24 Ariz. App. 246, 537 P.2d 974 (1975). We hold that the right of a landlord to retain possession of a mobile home under this provision is dependent upon whether he is entitled to assert a claim for rents, costs, and utilities under § 33–1478(A). Since the right to assert a claim for rents, costs, and utilities is dependent upon compliance with the ten-day notice provision, failure to give the required notice bars the landlord from preventing removal of the mobile home.

■ Under the facts of this case, the landlord failed to give the required notice and his refusal to allow removal of the mobile home was unlawful. The trial court erred, therefore, in dismissing the claim for conversion prior to trial. The lienholder's appeal on this issue is well taken.

The lienholder also appeals from the judgment on its claim for breach of contract. Its sole contention here is that the trial court should have awarded it an additional sum of $2,000.00 representing potential profit on the sale of the mobile home which was thwarted by the landlord. The judgment, entered after a nonjury trial and without findings of fact or conclusions of law, awarded $375.00 to the lienholder. We are at a loss to understand the basis in this case for recovery on a theory of breach of contract, but there is no cross-appeal by the landlord and it is not challenged.

We are even more at a loss to understand upon what theory the lienholder bases its argument for loss of profits in the contract claim. The contract provided only that (1) the lienholder could leave the mobile home on the landlord's property without rent accruing and could sell it anytime, and (2) the landlord also had the right to arrange a sale and, in so doing, would be entitled to a sales commission of $495.00. Thereafter, the lienholder itself arranged a sale of the mobile home, but it fell through when the landlord prevented removal of the mobile home from the park.

We doubt that recovery for lost profits would be appropriate for a breach of the contract involved here. Nevertheless, the trial court considered the claim without objection and rejected it. Because there are no findings or conclusions, we are unable to determine the reason the trial court denied the claim. Since the landlord made no objection or argument as to its propriety as an element of damage, we assume that the lienholder failed to prove the claim by a preponderance of the evidence. Our review of the record indicates that the judgment of the trial court for $375.00 should be affirmed as nothing in the record on the lost profits issue requires reversal.

■ There remains the matter of the conversion claim which was dismissed. Ordinarily we would remand for trial on this issue, but an examination of the record and the briefs reveals that the lienholder has already tried all the conversion damage issues in its contract claim except punitive damages. As no claim or contention is made on appeal concerning punitive damages, that issue has been waived. Therefore, although the trial court erred as to be conversion claim, the damage issues have either been tried in the contract action or waived and further trial proceedings are not warranted.

Judgment affirmed.

DONOFRIO, Acting P. J. and OGG, J., concurring.