64 P.3d 338

**Raymond A. ROLES, Plaintiff–Appellant,**

v.

**Ralph TOWNSEND, Director of Idaho Prisons, Defendant–Respondent.**

No. 28073.

Court of Appeals of Idaho.

Jan. 9, 2003.

Review Denied March 3, 2003.

Raymond A. Roles, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Raymond A. Roles argues that the district court erred in granting summary judgment to the state and in denying his motion for summary judgment regarding whether the Idaho State Board of Correction's (Board) tobacco-free policy violates his right to freely exercise his religion. We affirm.

### I.

### FACTS AND PROCEDURAL HISTORY

Roles is an inmate in the custody of the Idaho Department of Correction (IDOC). On November 3, 1995, the Board resolved to have the IDOC become a tobacco-free environment. On September 3, 1996, the Director of the IDOC sent a memorandum to all IDOC inmates advising them that the use of tobacco products would be phased out in the prisons. Roles thereafter filed suit challenging the IDOC policy.

Roles and the state filed cross-motions for summary judgment under Idaho's Free Exercise of Religion Act (Act). The district court granted summary judgment to the state. Roles appeals.

### II.

### FREE EXERCISE OF RELIGION ACT

Summary judgment under Idaho Rule of Civil Procedure 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether

a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing a motion for summary judgment, all disputed facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.,* 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994). Thus, we construe all disputed facts and draw all reasonable inferences in favor of Roles to determine whether the district court appropriately granted summary judgment.

■ Roles practices a "Native American Religion." He claims that tobacco is an offering and sacred token to Mother Earth and Grandfather Sky, and that tobacco smoke carries his prayers. He desires to smoke tobacco for the purification of body and spirit and to keep away evil and sickness. He further states that the use of tobacco is an "absolute tenet" of his religious belief and practice. He argues that the Board's tobacco-free policy violates his right to exercise his religion under Idaho's Free Exercise of Religion Act.

Idaho's Free Exercise of Religion Act, Idaho Code §§ 73–401, et seq., became effective on February 1, 2001. The operative provision of the Act states, in relevant part:

73–402. Free exercise of religion protected.—(1) Free exercise of religion is a fundamental right that applies in this state, even if laws, rules or other government actions are facially neutral.

(2) Except as provided in subsection (3) of this section, government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability.

(3) Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person is both:

(a) Essential to further a compelling governmental interest;

(b) The least restrictive means of furthering that compelling governmental interest.

. . . .

(5) In this section, the term "substantially burden" is intended solely to ensure that this chapter is not triggered by trivial, technical or de minimis infractions.

Additionally, the Act provides the following definitions in I.C. § 73–401:

(1) "Demonstrates" means meets the burdens of going forward with evidence, and persuasion under the standard of clear and convincing evidence.

(2) "Exercise of religion" means the ability to act or refusal to act in a manner substantially motivated by a religious belief, whether or not the exercise is compulsory or central to a larger system of religious belief.

For purposes of summary judgment only, the state conceded that Roles' desire to smoke tobacco was an exercise of his religion. Thus, to prevail on summary judgment, the state needed to show there was no genuine issue of material fact and it was entitled to judgment as a matter of law because either (1) the tobacco-free policy does not substantially burden Roles' exercise of his religion; or (2) if it does substantially burden Roles' exercise of his religion, the policy is essential to furthering a compelling governmental interest and it is the least restrictive means of furthering that interest. I.C. § 73–402.

We conclude, based on the record before us, that the state has demonstrated beyond any genuine dispute that it has such compelling interests in eliminating tobacco in prisons, that the tobacco-free policy is essential to those interests, and that the policy is the least restrictive means to further those interests. The state submitted evidence that the Board has compelling interests in prohibiting tobacco to promote public health, provide an environment free from second-hand smoke, reduce litigation related to second-hand smoke, protect buildings against property damage, and curtail rising medical costs. With regard to whether the policy is essential to its interests and the least restrictive means to further them, the state submitted

evidence that it is essential to eliminate even tobacco that is requested for religious practices in order to maintain internal security and control the black market for tobacco. The state points out that the policy allows Native Americans to smoke other substances in their religious activities, including kinnikinnik, cedar, sage, and sweetgrass. It also provided evidence that if Roles were permitted to have any tobacco it would jeopardize his safety, would be a significant burden on staff and resources to regulate such tobacco use, would compromise prison staff, and would expose other inmates and staff to second-hand smoke.

Roles has failed to develop in the record any evidence that disputes that the state's interests are compelling, that the tobacco-free policy is essential to its interests, and that the tobacco-free policy is the least restrictive means to further those interests. Because we determine that no issue of material facts exists regarding Roles' claim and that the state is entitled to judgment as a matter of law, we find no error in the district court's grant of summary judgment in favor of the state.[1]

### III.

### CONCLUSION

Based on the record before us, no genuine issues of material fact exist and the state is entitled to judgment as a matter of law. Accordingly, we affirm the district court's grant of summary judgment in favor of the state.

Chief Judge LANSING and Judge PERRY concur.

---

[1]. We also affirm the district court's denial of Roles' motion for summary judgment on the basis of our decision herein.