**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41733**

| | | |
|---|---|---|
| IDAHO PROPERTY MANAGEMENT SERVICES, INC., dba THE RENTAL CONNECTION, | ) ) ) | **2014 Opinion No. 104** |
| | ) | **Filed: December 16, 2014** |
| Plaintiff-Respondent, | ) ) | **Stephen W. Kenyon, Clerk** |
| v. | ) ) | |
| DON MACDONALD, | ) ) | |
| Defendant-Appellant. | ) ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Summary judgment for plaintiff, <u>reversed</u> and <u>case remanded</u>.

Don Macdonald, Las Vegas, Nevada, pro se appellant.

Charles B. Lempesis, Coeur d'Alene, for respondent.

LANSING, Judge

This dispute concerns financial liability for a mobile home on which defendant Don Macdonald was a lienholder and which was abandoned by the registered owners and left on property belonging to plaintiff Idaho Property Management Services, Inc. (IPMS). Macdonald appeals from a summary judgment in favor of IPMS. We reverse and remand.

**I.**

**BACKGROUND**

According to defendant Macdonald, he at some point loaned money to Christopher and Rebekah Pattison and acquired a lien on the title to their mobile home as security for the loan. In August 2010, the Pattisons leased a lot in a mobile home park from IPMS and placed the mobile home on the lot. The lease stated a rental rate of $295 per month and imposed certain late fees for rent that was not timely paid. Macdonald was not a party to the lease. A title to the mobile home was issued by the Idaho Transportation Department (ITD), and in ITD records the

1

Pattisons were named as the "registered owner" and Macdonald was referenced as the "legal owner."

In early November 2011, the Pattisons abandoned the mobile home. Sometime thereafter IPMS, identifying itself as the "possessory lienholder," submitted a request to ITD pursuant to Idaho Code § 55-2009B for permission to conduct a lien sale of the mobile home. On March 27, 2012, ITD issued the requested authorization. On April 4, 2012, Macdonald filed with ITD a declaration of opposition to the sale. IPMS apparently did not go through with the sale.

On July 18, 2012, the attorney for IPMS wrote a letter to Macdonald maintaining that the mobile home "owned by you" is "illegally placed and constitutes a trespass pursuant to the provisions of Idaho law." The letter demanded payment of $4,390.09 for "delinquent rents, late charges and damages resulting from the continuing trespass," further demanded prompt removal of the mobile home from IPMS property, and also informed Macdonald that IPMS would sue if its demands were not met. Macdonald did not comply with the demands.

On October 11, 2012, IPMS filed a complaint against Macdonald in the district court seeking monetary damages and other relief. On July 1, 2013, IPMS moved for summary judgment on grounds that Macdonald was in trespass for not removing the mobile home from the lot in IPMS's mobile home park and that he was liable to IPMS for back rent and other expenses under the provisions of Idaho Code § 55-2009A. Following receipt of Macdonald's responsive materials and after a hearing, the district court granted IPMS's motion. Macdonald moved for reconsideration, which the district court denied without comment on the merits. The district court later awarded costs and attorney fees to IPMS under Idaho Code §§ 12-120 and 12-121. The final award against Macdonald was $10,349.26 for rent and late fees from November 25, 2011, through July 31, 2013, and for taxes paid on the property by IPMS, plus $11,657.95 for attorney fees and costs, for a total of $22,007.21.

Macdonald appeals from the judgment.

## II.

## ANALYSIS

### A.    The District Court Misapplied Summary Judgment Law

Summary judgment may be entered if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho Rule of Civil

2

Procedure 56(c). *See also Bybee v. Gorman*, 157 Idaho 169, 173, 335 P.3d 14, 18 (2014); *Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); *Idaho Bldg. Contractors Ass'n v. City of Coeur d'Alene*, 126 Idaho 740, 742, 890 P.2d 326, 328 (1995). On appeal from a summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party has shown that it is entitled to judgment as a matter of law. *Roles v. Townsend*, 138 Idaho 412, 412-13, 64 P.3d 338, 338-39 (Ct. App. 2003); *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986).

Macdonald's arguments on appeal include an assertion that the district court erred in granting summary judgment without considering whether IPMS had met its burden, as the party moving for summary judgment, to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. We agree. The district court granted summary judgment against Macdonald solely because Macdonald did not submit an affidavit contesting the facts alleged by IPMS, without the court examining whether the undisputed facts demonstrated that IPMS was entitled to any relief. At the hearing on the summary judgment motion, the district court declined to consider Macdonald's "affidavit" in opposition because it consisted almost entirely of legal argument. The court said:

> In summary judgment you cannot rest upon your pleadings and you cannot rest upon your arguments. You have to submit affidavits that put facts into genuine issue. And those facts have to be material. If you don't put forth any facts, then I have to take the facts that the other party has put forward as being unopposed.

In neither its comments from the bench nor its memorandum decision did the court consider or discuss any of Macdonald's legal arguments. Rather, the district court recited a number of facts asserted by IPMS and then concluded that because Macdonald had not controverted these facts with admissible evidence in opposition, IPMS was entitled to judgment as a matter of law. The district court did not identify any pleaded cause of action or theory of liability upon which it was granting summary judgment to IPMS.

The district court thereby erred. A party moving for summary judgment bears the initial burden to establish not only that there is no genuine issue of material fact, but also that, based upon evidence and legal authority, the movant "is entitled to judgment as a matter of law." I.R.C.P. 56(c); *Harris v. State, Dep't of Health & Welfare*, 123 Idaho 295, 298-99 n.1, 847 P.2d 1156, 1159-60 n.1 (1992); *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). As I.R.C.P. 56(e) states, it is only "[*w*]*hen a motion for summary judgment is made and*

3

*supported as provided in this rule*," that the burden shifts to the adverse party to "by affidavits or as otherwise provided in this rule . . . set forth specific facts showing that there is a genuine issue for trial." If the movant's burden is not sustained, the party in opposition need not respond with any contrary evidence at all. *See McHugh v. Reid*, 156 Idaho 299, 306, 324 P.3d 998, 1005 (Ct. App. 2014).

Where, as here, it is the plaintiff that seeks summary judgment, the plaintiff must allege a cause of action recognized in the law and show undisputed facts establishing each element of the cause of action.[1] *Id.* If that burden is not met, summary judgment must be denied regardless of whether the defendant has responded with affidavits raising factual issues. Thus, we cannot affirm the summary judgment here on the basis stated by the district court.

However, if an order of a lower court was correct, but is based upon an erroneous theory, the order may be affirmed upon a correct theory that was presented below. *Grabicki v. City of Lewiston*, 154 Idaho 686, 692, 302 P.3d 26, 32 (2013); *Anderson & Nafziger v. G.T. Newcomb, Inc.*, 100 Idaho 175, 179, 595 P.2d 709, 713 (1979). Because on review of an order granting summary judgment an appellate court applies the same legal standards that are used by the trial court, *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994); *Washington Fed. Savings & Loan Ass'n v. Lash*, 121 Idaho 128, 130, 823 P.2d 162, 164 (1992), we will independently examine the record and the parties' respective legal arguments to determine whether the summary judgment in favor of IPMS can be affirmed upon application of the appropriate standards.

## B.     Trespass

One of the legal theories on which IPMS sought summary judgment was that Macdonald was liable for trespass damages because he was allegedly the "owner" of the mobile home and did not remove it from the park on IPMS's demand. We conclude that IPMS was not entitled to summary judgment on that theory for two reasons.

First, such a cause of action was not pleaded by IPMS. The verified complaint is vague; it consists of a number of allegations of wrongdoing by Macdonald in consecutively numbered

---

[1]     Excepted, of course, are motions for partial summary judgment. *See* I.R.C.P. 56(a) ("A party seeking to recover upon a claim, counterclaim, or cross-claim . . . may . . . move with or without supporting affidavits for a summary judgment in that party's favor upon all or any part thereof.").

paragraphs without headings or separation into any identified causes of action. At best, it asserts a claim that Macdonald was liable to IPMS under Idaho Code § 55-2009A and a claim that Macdonald wrongfully filed a declaration of opposition to the plaintiff's proposed lien sale of the mobile home. IPMS did not, under any fair reading of its complaint, plead a cause of action against Macdonald for the tort of trespass. The fact that IPMS moved for summary judgment on a theory of trespass is immaterial, for a cause of action not raised in a party's pleading may not be considered on summary judgment. *Edmondson v. Shearer Lumber Products*, 139 Idaho 172, 178-79, 75 P.3d 733, 739-40 (2003); *Beco Const. Co., Inc. v. City of Idaho Falls*, 124 Idaho 859, 865, 865 P.2d 950, 956 (1993).

Second, even if a cause of action for trespass could be fairly found within IPMS's complaint, Macdonald, as one holding a lien on the mobile home, has not been shown to be liable for trespass. The district court referred to Macdonald as the "legal owner" of the mobile home and to the Pattisons as the "titled owners." The court based this terminology upon an ITD document, the "Authorization to Conduct a Lien Sale," which identified the Pattisons as the "registered owner" of the mobile home and Macdonald as the "legal owner." Macdonald argued to the district court that he was not legally responsible for the placement or removal of the abandoned mobile home because he was merely a lienholder, but the district court relied upon the ITD record designating Macdonald as "legal owner." The district court apparently did not realize, however, that the term "legal owner," as used in the motor vehicle code and in ITD's document, means a lienholder. The motor vehicle code provides for the titling of some types of trailer homes or mobile homes as "vehicles." *See* I.C. §§ 49-123(2)(a); 49-401A; 49-501. For purposes of these titling statutes, Idaho Code § 49-113(3) defines "legal owner" as "any person notated as 'lienholder' of a vehicle" on the certificate of title. "Lienholder" in turn is defined as "a person holding a security interest in a vehicle." I.C. § 49-113(7).[2] Thus, the term "legal owner" within the ITD document means nothing more than a person noted on the title as holding a lien on the mobile home.

Applying this correct meaning of "legal owner" as it appears on the ITD documents reveals a gap in IPMS's trespass theory of liability. IPMS provided no legal authority to the

---

[2]     It appears that the term "legal owner" was adopted to differentiate lienholders shown on the title from lienholders whose interest is not of record on the title.

district court nor to this Court supporting its contention that Macdonald, as a lienholder, was obligated to remove the mobile home from the mobile home park upon IPMS's demand. It likewise has cited no statute nor common law doctrine providing that a person holding a lien on personal property is legally responsible in trespass where the titled owner leaves that property on the land of another. Accordingly, IPMS has not shown that it was entitled to summary judgment on a theory that Macdonald committed trespass by not removing the mobile home from the lot owned by IPMS.

## C. Idaho Code § 55-2009A

IPMS also moved for summary judgment on the ground that Macdonald was liable to it under the provisions of Idaho Code § 55-2009A(2), a cause of action which is pleaded in the complaint. Section 55-2009A was enacted as part of the Manufactured Home Residency Act[3] and provides:

> (1) Any lienholder or legal owner of a home who wants to be protected under this section must so notify the landlord in writing of his secured or legal interest.
> (2) If the resident becomes sixty (60) days in arrears in his rent or at the time of suspected abandonment by the resident on a lot, it is incumbent upon the landlord to notify in writing the lienholder and legal owner of the home and to communicate to the lienholder and legal owner the liability for any rent and other charges specified in the rental agreement. The lienholder shall be responsible for utilities from the date of notice. However, the landlord shall be entitled to a maximum of sixty (60) days rent due prior to notice to lienholder. Any and all costs shall then become the responsibility of the legal owner or lienholder of the home. The home may not be removed from the lot without a signed written agreement from the landlord or manager showing clearance for removal, showing all moneys due and owing paid in full, or an agreement reached with the legal owner and the landlord.

We conclude that the facts asserted by IPMS do not demonstrate that it is entitled to recover from Macdonald under this statute. Section 55-2009A(2) establishes at least one condition[4] that must be met before a landlord may make a claim for payment from a lienholder--

---

[3] The Idaho statute appears to have been based upon a very similar Arizona statute, Arizona Revised Statutes § 33-1478(A).

[4] Whether a lienholder's act of invoking the "protection" of the statute by giving notice to the landlord pursuant to subsection (1) is also a condition precedent to a landlord's right to

6

the landlord must give proper and timely written notice to a lienholder/legal owner in order for the latter to incur any liability under the statute. It states: "If the resident becomes sixty (60) days in arrears in his rent or at the time of suspected abandonment by the resident on a lot, it is incumbent upon the landlord to notify in writing the lienholder and legal owner of the home and to communicate to the lienholder and legal owner the liability for any rent and other charges specified in the rental agreement." In this context, "incumbent" means "falling or imposed as a duty, responsibility or obligation." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1146 (1993). *See also Gulf Homes, Inc. v. Bear*, 599 P.2d 831, 834 (Ariz. Ct. App. 1979) (holding that under a similar statute, A.R.S. § 33-1478(A), the word "incumbent" makes proper written notice of abandonment obligatory if the landlord intends to obtain any benefits under the statute, and if the landlord does not comply he may not recover from the legal owner or lienholder under the statute).

There is no evidence in the record that IPMS satisfied this precondition. According to IPMS's verified complaint, the mobile home was abandoned by the Pattisons on or about November 9, 2011. The only written notice in the record is a July 18, 2012, letter written by IPMS's attorney to Macdonald notifying Macdonald that the mobile home was abandoned and demanding that Macdonald pay past due rent and fees under the Pattison lease. This letter does not constitute compliance with the notice provision of the statute because it was not given "at the time of abandonment" as required by the statute, but over eight months later. Moreover, even if the written notice had been timely, it did not comply with Section 55-2009A(2) because it did not notify Macdonald of "any rent and other charges specified in the rental agreement." Instead, it demanded payment of $4,390.09 for delinquent rents, late charges, and trespass damages.

Because IPMS presented no evidence that it gave Macdonald timely written notice of abandonment of the mobile home as required by I.C. § 55-2009A(2), it was not entitled to summary judgment on a claim predicated upon that statute.

C.    **Wrongful Objection to a Lien Sale**

IPMS also sought summary judgment on a theory that Macdonald wrongfully prevented IPMS from selling the mobile home in foreclosure of IPMS's alleged possessory lien. Once

---

proceed against the lienholder under subsection (2) is a question of statutory interpretation that we need not decide in order to resolve this case.

again, the evidence submitted by IPMS does not support this theory of liability. Idaho Code § 55-2009B(1) provides that when a mobile home has been abandoned, the landlord, as possessory lienholder, may sell the abandoned home to satisfy the lien and costs of sale if an authorization to conduct a lien sale has been issued by ITD or if a judgment has been entered in favor of the landlord or if the legal owner and any lienholder have released their interests. When a landlord, as possessory lienholder, has applied to ITD for such an authorization to conduct a lien sale, ITD must send a copy of the application to the "legal owners"[5] and other persons known to claim an interest in the mobile home. I.C. § 55-2009B(3). This notice must specify that ITD will issue the authorization to conduct a lien sale unless such person returns a declaration of opposition within ten days after the date the notice was mailed. I.C. § 55-2009B(3)(e). If ITD receives a timely declaration of opposition, it must notify the landlord that he or she may not conduct a lien sale absent a judgment or a release signed by the legal owner. I.C. § 55-2009B(4).

Here, ITD notified Macdonald of IPMS's application for authorization to conduct a lien sale and, receiving no timely response from Macdonald, ITD issued the authorization to IPMS. It was not until eight days later that ITD received from Macdonald a declaration of opposition to the sale. As Macdonald correctly argued to the district court, his declaration of opposition, while perhaps intended to be obstructive, had no legal effect on IPMS's authorization to conduct a lien sale in the spring of 2012 because it was not timely submitted to ITD. Therefore, if IPMS did not conduct the sale because of Macdonald's opposition, it did so of its own accord and not because Macdonald's opposition was a legal bar to the sale. On this record, IPMS has not shown that Macdonald prevented or delayed a lien sale of the mobile home by IPMS. Therefore, IPMS was not entitled to summary judgment on this theory of liability.

## III.

## CONCLUSION

Because IPMS did not meet its burden to show entitlement to judgment as a matter of law, the district court erred in granting summary judgment. Accordingly, the summary judgment in favor of IPMS is vacated. Because IPMS is no longer the prevailing party, the district court's

---

[5] It is unclear whether the term "legal owners" as used in I.C. § 55-2009B(3) and elsewhere in the Manufactured Home Residency Act bears the same meaning that is assigned to that term in I.C. § 49-113(3). That question does not affect our analysis.

award of attorney fees and costs in favor of IPMS is also vacated. This case is remanded to the district court for further proceedings consistent with this opinion. Costs on appeal to appellant pursuant to Idaho Appellate Rule 40.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**