# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43311

| | |
|---|---|
| TERRENCE MATTHEWS, ) | 2016 Unpublished Opinion No. 431 |
| ) | |
| Plaintiff-Appellant, ) | Filed: March 14, 2016 |
| ) | |
| v. ) | Stephen W. Kenyon, Clerk |
| ) | |
| DENNIS SALLAZ; DARYL SALLAZ; ) | THIS IS AN UNPUBLISHED |
| NATIONAL FINANCIAL SERVICE, ) | OPINION AND SHALL NOT |
| INC.; RANDOLF LEWIS, ) | BE CITED AS AUTHORITY |
| ) | |
| Defendants-Respondents. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment denying plaintiff's motion for summary judgment and granting summary judgment in favor of defendants, <u>affirmed</u>.

Terrence Matthews, Idaho City, pro se appellant.

Gary L. Quigley, Meridian, for respondents.

---

GRATTON, Judge

Terrence Matthews appeals from the district court's judgment denying his motion for summary judgment and granting summary judgment in favor of the defendants. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Matthews financed the purchase of property through the Idaho Housing Finance Authority (IHFA) in August 1999. The IHFA recorded a lien against the property as security for its debt. In September 1999, Matthews conveyed the property to himself and his future wife, Jacqueline Mitchell. Mitchell did not assume any obligation on the IHFA loan. Matthews and Mitchell married in July 2000.

The couple divorced in 2002. In the divorce action, the court determined the property was community property and Matthews and Mitchell each held an undivided one-half interest in

the property. Dennis Sallaz represented Mitchell in the divorce action. Mitchell never paid Sallaz for his services, and Sallaz recorded an attorney's lien against her interest in the property. Sallaz's attorney's lien was junior to IHFA's lien against the property. Sallaz subsequently assigned the attorney's lien claim to National Financial Services, Inc. (NFS). Matthews filed for bankruptcy in March 2003.

In February 2009, NFS filed an action in Canyon County (the lien foreclosure action) seeking foreclosure of the attorney's lien and a deficiency judgment. NFS named Mitchell and Matthews, among others, as defendants in the case. Mitchell did not file an appearance in the case and, as a result, the court entered default judgment against her, granting foreclosure of the attorney's lien against her interest in the property. Matthews objected, but the court held Matthews did not have standing to object to the default judgment against Mitchell. At the sheriff's sale of Mitchell's interest in the property, NFS entered a credit bid and obtained Mitchell's interest. NFS subsequently conveyed that interest to Randolf Lewis.

In January 2011, Matthews filed an action in Ada County (the accounting action) against Sallaz, NFS, and Raymond Schild.[1] Matthews alleged the defendants pursued the lien foreclosure outside the applicable statute of limitations, failed to renew the attorney's lien, circumvented bankruptcy laws by seeking the lien foreclosure during the pendency of his bankruptcy, circumvented the court's order in the lien foreclosure action by selling the property prior to trial, and conspired with IHFA to sell the property at a discounted rate.[2] The court found Matthews did not have standing to challenge the lien foreclosure action or raise Mitchell's defenses because the lien foreclosure action did not affect his interest in the property. The court also found it lacked jurisdiction over Matthews' challenges to the sheriff's sale and there was no articulable bankruptcy issue. Thus, the only triable issue for the court was an accounting of any profits flowing from the property. In a bench trial, the court held the defendants did not owe Matthews any profits from the property. The court entered final judgment on October 5, 2011, and Matthews sought a new trial, asserting: (1) the defendants sold the property subject to bankruptcy protection; (2) Sallaz circumvented the Idaho Rules of Civil Procedure by signing Schild's name to initiate the sheriff's sale; and (3) prejudice resulting from late disclosure of

---

[1]     Schild was an attorney working with Sallaz.

[2]     Matthews was apparently under the incorrect impression the lien foreclosure action foreclosed his and Mitchell's interests in the property.

2

accounting documents showing Sallaz paid IHFA $7,500.[3] The court held Matthews' complaints about the sale of the property were not within the scope of the matter tried, and Matthews had proper notice of the accounting documents and stipulated to their admission. In a motion to reconsider, Matthews argued the accounting documents were false and were disclosed late. The court denied the motion as improper under the Idaho Rules of Civil Procedure.

IHFA foreclosed its lien on the property in March 2013, extinguishing all parties' interests in the property.[4] Matthews filed this action in April 2013, naming Dennis Sallaz, NFS, Daryl Sallaz,[5] and Randolf Lewis as defendants. Matthews asserted Dennis Sallaz forged Schild's name on documents in the lien foreclosure action to initiate the sheriff's sale and perjured himself in the accounting action by testifying he paid $7,500 on behalf of NFS to catch up payments on the IHFA loan. Matthews also asserted the defendants circumvented bankruptcy laws, the applicable statute of limitations, and the Idaho Rules of Civil Procedure, and failed to keep payments current on the property despite testifying that all payments were current. Matthews filed a motion for summary judgment. The district court found Matthews was the only party liable on the IHFA loan and held res judicata barred all of Matthews' claims. Accordingly, the court denied Matthews' motion for summary judgment and granted summary judgment in favor of the defendants. Matthews timely appeals.

## II.

## ANALYSIS

On appeal, Matthews makes the same arguments he made in the district court and adds several new arguments. The respondents argue res judicata bars Matthews' claims and seek attorney fees and sanctions against Matthews.

---

[3]  In October 2010, Matthews stopped making payments on the IHFA loan. Before IHFA foreclosed its lien on the property, Sallaz, on behalf of NFS, offered to pay off or assume the IHFA loan. IHFA required a good faith payment of $7,500, the amount in arrears on the loan. On behalf of NFS, Sallaz tendered that amount.

[4]  NFS did not make payments on the IHFA loan.

[5]  Daryl Sallaz was the president and registered agent of NFS.

3

## A.      Summary Judgment and Res Judicata

The respondents assert the district court properly denied Matthews' motion for summary judgment and granted summary judgment in their favor.  This Court applies the same standard as the district court when ruling on a motion for summary judgment.  *Idaho Property Management Services, Inc. v. Macdonald*, 157 Idaho 959, 962, 342 P.3d 671, 674 (Ct. App. 2014).  Summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  I.R.C.P. 56(c).  A "district court may grant summary judgment to a non-moving party even if the party has not filed its own motion with the court."  *Harwood v. Talbert*, 136 Idaho 672, 677, 39 P.3d 612, 617 (2001).  Where the district court grants summary judgment to the non-moving party, this Court liberally construes the record in favor of the party against whom the court entered summary judgment.  *Id.* at 677-78, 39 P.3d at 617-18.  This Court freely reviews issues of law.  *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The respondents argue Matthews failed to raise a genuine issue of material fact because res judicata bars his claims.  Res judicata prevents the litigation of causes of action that were finally decided in a previous suit.  *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994).  *See Magic Valley Radiology P.A. v. Kolouch*, 123 Idaho 434, 436, 849 P.2d 107, 109 (1993); *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990).  As a general proposition, res judicata prevents litigants who were parties in a prior action and those in privity with them from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit.  *Gubler*, 125 Idaho at 110, 867 P.2d at 984.  Thus, res judicata bars "not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made."  *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002).  The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review.  *Baird Oil Co. v. Idaho State Tax Comm'n*, 144 Idaho 229, 231, 159 P.3d 866, 868 (2007).

4

### 1. Parties

Res judicata applies only if both actions involve the same parties or their privies. *Gubler*, 125 Idaho at 110, 867 P.2d at 984. Privity exists where a party in the current action derives a direct interest in the outcome of an earlier action from a party in that earlier action. *Id.*

Daryl Sallaz and Lewis were not parties to the accounting action. However, the district court held Daryl Sallaz and Lewis were both in privity with NFS, a party to the accounting action. We agree. Daryl Sallaz was the president and registered agent of NFS. As such, his interest in NFS's well-being was directly tied to NFS's outcome in the accounting action. Further, after the sheriff's sale, NFS conveyed its interest in the property to Lewis. Accordingly, Lewis's undivided one-half interest in the property was directly tied to NFS's outcome in the accounting action. Thus, Daryl Sallaz and Lewis each obtained a direct interest in the outcome of the accounting action from NFS. Daryl Sallaz and Lewis were in privity with NFS, and both the accounting action and this action involve the same parties or their privies. Matthews does not argue to the contrary on appeal.

### 2. Claims

Res judicata applies to "all claims arising out of the same transaction or series of transactions out of which [an earlier action] arose.'" *Ticor Title Co. v. Stanion*, 144 Idaho 119, 126, 157 P.3d 613, 620 (2007) (quoting *Magic Valley Radiology*, 123 Idaho at 437, 849 P.2d at 110). In other words, res judicata applies to claims "which were actually made or which might have been made" in an earlier action. *Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805.

The district court held res judicata applied to all of Matthews' claims. We agree. Matthews made six claims in the district court. Matthews raised three of these claims--that the defendants circumvented bankruptcy laws, the applicable statute of limitations, and the Idaho Rules of Civil Procedure--in the accounting action. In that action, the court found there was no articulable bankruptcy issue, and Matthews did not have standing to raise a statute of limitations defense or procedural challenge to the lien foreclosure action. Because these three claims were actually made and dismissed in the accounting action, res judicata applies to them here.

The rest of Matthews' claims--that Dennis Sallaz perjured himself in the accounting action by testifying he paid IHFA $7,500, Sallaz forged Schild's name on documents in the lien foreclosure action, and the defendants failed to keep payments current on the property despite testifying that all payments were current, were, or might have been, raised in the accounting

5

action. These claims arise from the same set of facts as the claims Matthews actually made in the accounting action. Accordingly, Matthews made or had the opportunity to make these claims in the pleadings, motion for summary judgment, motion for a new trial, and motion to reconsider he filed in the accounting action. Thus, res judicata applies.

### 3. Final judgment

Res judicata applies only if there was a valid final judgment on the merits in the earlier action. *See Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805. On October 5, 2011, the district court, in the accounting action, entered a valid final judgment on the merits. Matthews never appealed this judgment. Because the other requirements of res judicata are satisfied in this case and there was a valid final judgment on the merits in the accounting action, res judicata bars the claims Matthews raised in the district court, and Matthews has failed to raise a genuine issue of material fact to survive summary judgment.

### B. Matthews' Claims on Appeal

On appeal, Matthews claims:

1. The district court erred in finding he was the only party liable on the IHFA loan;

2. The district court erred in finding Sallaz's attorney's lien only attached to Mitchell's interest in the property;

3. The district court erred in finding res judicata applied to his perjury claim;

4. Sallaz could not foreclose on Mitchell's interest to satisfy his attorney's lien;

5. Sallaz circumvented bankruptcy rules by seeking the lien foreclosure during the pendency of his bankruptcy; and,

6. Sallaz circumvented the Idaho Rules of Civil Procedure by failing to give Mitchell adequate notice of the lien foreclosure action.

We have already held res judicata bars Matthews' third and fifth claims and will not address them further. Additionally, Matthews' fourth and sixth claims were not raised below. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Thus, we refuse to consider these claims for the first time on appeal. Finally, Matthews has not shown the district court's factual findings were clearly erroneous. Matthews' first and second claims challenge the district court's factual findings. We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v.*

6

*Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997). In this case, the district court relied on the ledger of the IHFA loan to determine who was liable on the loan. Matthews was the only borrower listed on the ledger. Further, the record shows: (1) Matthews quitclaimed the property to himself and Mitchell before they married; (2) the court in the divorce action determined the property was community property; (3) Mitchell did not pay Sallaz for his services in the divorce action; and (4) Sallaz filed an enforceable lien against only Mitchell's undivided one-half interest in the property. A reasonable trier of fact would accept and rely on this evidence in determining who was liable on the IHFA loan and what interests Sallaz's attorney's lien attached to. Thus, the district court's factual findings were supported by substantial and competent evidence and therefore, were not clearly erroneous.

## C. Attorney Fees and Sanctions

The respondents seek attorney fees and sanctions against Matthews because he ignored the district court's determination that res judicata barred his claims and recycled rejected claims.

An award of attorney fees may be granted under Idaho Code § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Although Matthews largely attempted to re-argue issues previously decided, we cannot say that Matthews brought this appeal frivolously, unreasonably, or without foundation. Therefore, we decline to award attorney fees to the respondents.

A court may impose sanctions if a party's arguments are: (1) not well-grounded in fact, warranted by existing law, or made in good faith; or (2) brought for an improper purpose, such as causing unnecessary delay, increasing the costs of litigation, or harassment. *Sims v. Jacobson*, 157 Idaho 980, 987, 342 P.3d 907, 914 (2015). A party who appears pro se and signs a notice of appeal is subject to sanctions under I.A.R. 11.2. *Id*. The respondents have failed to show Matthews' arguments are not well-grounded in fact, warranted by existing law, made in good faith, or brought for an improper purpose. Thus, we decline to impose sanctions against Matthews.

### III.
### CONCLUSION

Res judicata barred Matthews' claims in the district court. Matthews did not raise his additional claims on appeal in the district court and failed to show the district court's factual findings were clearly erroneous. The district court's judgment denying Matthews' motion for summary judgment and granting summary judgment in favor of the respondents is affirmed. Costs, but not attorney fees or sanctions, are awarded to the respondents.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.