**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW J.J. WOLF,

       Plaintiff-Appellant,

v.

IDAHO STATE BOARD OF
CORRECTION; DEBRA FIELD, each
sued in their individual and official
capacities, and their successors in office;
DAVID MCCLUSKEY, each sued in their
individual and official capacities, and their
successors in office; CINDY WILSON,
each sued in their individual and official
capacities, and their successors in office;
IDAHO DEPARTMENT OF
CORRECTION; HENRY ATENCIO, each
sued in their individual and official
capacities, and their successors in office;
JEFF ZMUDA, each sued in their
individual and official capacities, and their
successors in office; ASHLEY DOWELL,
each sued in their individual and official
capacities, and their successors in office;
SHANNON CLUNEY, each sued in their
individual and official capacities, and their
successors in office; RANDY BLADES,
Warden, each sued in their individual and

No.   23-35285

D.C. No. 1:18-cv-00264-REP

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

official capacities, and their successors in office; JAMIE HESS SMITH, each sued in their individual and official capacities, and their successors in office; MARK KUBINSKI, each sued in their individual and official capacities, and their successors in office; BRENDA BAUGES, each sued in their individual and official capacities, and their successors in office; KEITH YORDY, Warden, each sued in their individual and official capacities, and their successors in office; GARRETT COBURN, each sued in their individual and official capacities, and their successors in office; RANDY VALLEY, each sued in their individual and official capacities, and their successors in office; TIM MCKAY, each sued in their individual and official capacities, and their successors in office; 3 OAKS MINISTRIES; BOYD CHIKATULA, each sued in their individual and official capacities, and their successors in office; JESSIE TRUJILLO, each sued in their individual and official capacities, and their successors in office; J DOES 1-20; JOSH TEWALT; DODDS HAYDEN; KAREN NEILL; CHAD PAGE; AMANDA GENTRY,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Idaho
Raymond Edward Patricco, Jr., Magistrate Judge, Presiding

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges

Plaintiff appeals the district court's summary judgment in favor of the defendants in his action alleging violations of the Religious Land Use and Institutionalized Person's Act (RLUIPA), 42 U.S.C. § 2000cc-1, and Idaho Free Exercise of Religion Protected Act (FERPA), Idaho Code § 73-402. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review discovery orders, including sanction orders, for an abuse of discretion and the grant of summary judgment de novo. *Goodman v. Staples The Office Superstore*, *LLC*, 644 F.3d 817, 822 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion by denying plaintiff's discovery and related sanction motions. Plaintiff has not demonstrated "actual and substantial prejudice" from the denial of any specific discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard of review and prejudice requirement). Nor has plaintiff identified specific discovery that he sought that would have prevented summary judgment. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) (holding that a party seeking

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

additional discovery during summary judgment must establish what factual discovery exists and why it would prevent summary judgment). Similarly, plaintiff has not identified any abuse of discretion in the district court's denial of plaintiff's motion for discovery sanctions. As the district court found, defendants provided extensive discovery to plaintiff, including the only inadvertently omitted discovery specifically identified by plaintiff.

The district court properly denied the request for default because, contrary to plaintiff's assertion, the defendants filed a timely motion to dismiss the amended complaint.

The district court properly granted summary judgment in favor of the individual defendants. RLUIPA does not authorize damages against state officials who are sued in their individual capacities. It only provides for prospective injunctive relief against state officials sued in their official capacities. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).

Summary judgment was proper for the defendants on the RLUIPA/FERPA injunctive claims. Plaintiff has not established that the prohibition of open flame at indoor religious ceremonies substantially burdens his ability to use open flame during mass. The prison allows open flame, including the use of candles and incense, in the outdoor worship facilities. *See Warsoldier v. Woodford*, 418 F.3d

989, 995 (9th Cir. 2005) (defining substantial burden under RLUIPA); *Does v. Wasden*, 982 F.3d 784, 794 (9th Cir. 2020) (setting forth the substantial burden test under FERPA).

In any event, the defendants established that allowing open flame outside, but not inside, is the least restrictive means of furthering compelling security interests of protecting inmates, staff, and property from the dangers arising from open flame and smoke in confined spaces. *See Holt v. Hobbs*, 574 U.S. 352, 364 (2015) (defining least restrictive means) (internal quotation marks omitted); *Ward v. Walsh*, 1 F.3d 873, 879 (9th Cir. 1993) (recognizing the "serious safety and security concerns raised by allowing inmates to possess and use candles."); *cf. Roles v. Townsend*, 64 P.3d 338, 339–40 (Idaho Ct. App. 2003) (holding that the prison had "compelling interests in eliminating tobacco in prisons" and that the tobacco-free policy was the least restrictive means of furthering those interests).

Plaintiff has waived his remaining claims by not identifying the specific claims or alleged error in the body of his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues listed, but not discussed in the body of the opening brief, have been waived).

All pending motions are denied.

**AFFIRMED.**